UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD BENJAMIN CORSER,<br>     Petitioner | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. C-09-350 |
| | § | |
| UNITED STATES OF AMERICA,<br>     Respondent | §<br>§<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

At the time he filed this cause of action, petitioner was incarcerated at the Federal Corrections Institution in Three Rivers, Texas. The basis of the complaint he filed on December 21, 2009 was that his federal sentence was not being properly credited with time he had served in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"). Respondent filed a motion to dismiss on March 24, 2010 (D.E. 12) arguing that petitioner's cause of action should be dismissed as moot because he was released from custody on February 5, 2010. Petitioner did not respond to the motion. For the reasons stated herein, it is recommended that petitioner's application for habeas corpus relief be dismissed as moot.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 2241, because petitioner was incarcerated in Live Oak County, Texas at the time he filed his petition.

## BACKGROUND

On June 13, 2000 in the United States District Court for the Northern District of Texas petitioner pleaded guilty and was convicted of receipt and possession of stolen firearms and aiding and abetting in violation of 18 U.S.C. §§ 922(j) and 2. On November 3, 2000 he was sentenced to a term of 120 months in the custody of the federal Bureau of Prisons ("BOP")(Judgment, D.E. 1, Ex. B). On November 15, 2000, petitioner was convicted in the 364th District Court of Lubbock County, Texas of burglary of a habitation and sentenced to a term of 10 years in TDCJ-CID. The term was to run concurrently to the earlier-imposed federal sentence (Judgment, D.E. 1-1, Ex. C). On August 17, 2001 petitioner was convicted in the 238th District Court of Midland County, Texas on a number of charges and also had previous terms of probation revoked (Transcript in State v. Corser, Nos. CR24318, CR24775, CR24777, CR24847, CR26197, D.E. 1-1, Ex. D, p. 3). The court assessed punishment at two years confinement on each state jail felony and 10 years confinement on the other three charges, with all sentences to run concurrently (Id. at 3-5). The court told petitioner that the state sentence could run concurrently with his federal sentence, but that the state court had no control over what the federal system would do with regard to the federal sentence (Id. at 6-8). Petitioner was supposed to be remanded to federal custody (Id. at 6).

However, rather than be remanded to federal custody, petitioner was sent back to TDCJ-CID until he was granted parole in November 2008 and placed into federal custody (Petition, D.E. 1, p. 9). At the time he filed his federal petition, the BOP was refusing to

grant petitioner credit toward his federal sentence for the time he spent in TDCJ-CID. But, according to respondent, BOP records show that petitioner was released from custody on February 5, 2010 (D.E. 12, p. 1).

## APPLICABLE LAW

If a dispute ends or has otherwise been resolved, it becomes moot. American Medical Ass'n v. Bowen, 857 F.2d 267, 270-271 (5th Cir. 1988). A case may become moot when an intervening factual event causes the petitioner to no longer have a present right, stake or interest in the outcome. Dailey v. Vought Aircraft, Co., 141 F.3d 224, 227 (5th Cir. 1998). If a controversy is moot, the trial court lacks subject matter jurisdiction. See North Carolina v. Rice, 494 U.S. 244, 246, 92 S.Ct. 402, 404 (1971). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990).

Petitioner sought credit on his federal sentence for time he spent in state custody. He has since been released from federal custody. A decision in his favor would not redress any injury suffered by him. Accordingly, he no longer has a present stake or interest in the outcome of this case and it should be dismissed as moot.

## RECOMMENDATION

For the above-stated reasons, it is respectfully recommended that respondent's motion to dismiss (D.E. 12) be granted and the petition for writ of habeas corpus be dismissed as moot.

Respectfully submitted this 13th day of September, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).